# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DISTRICT

ALEXANDER ROSS, individually and          Case No. 24-cv-11717
on behalf of a class of persons defined herein,

      Plaintiff,

v.

ROBINSON, HOOVER & FUDGE, PLLC,

      Defendant.

## COMPLAINT – CLASS ACTION

## INTRODUCTION

1.     Plaintiff, Alexander Ross ("ROSS" or "Plaintiff"), brings this all states except Oklahoma, Rule 23(b)(3) putative class action against Defendant Robinson, Hoover & Fudge, PPLC ("FUDGE") for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et. seq.*, for garnishing wages under foreign judgements entered by in Oklahoma courts against debtors who do not reside in the State of Oklahoma, as such judgments must first be "domesticated" prior to FUDGE causing the out-of-state debtor's wages to be garnished, thereby unfairly depriving ROSS and the putative class members of their procedural due process.

2. ROSS, under Michigan's Regulation of Collection Practices Act, MCL 445.251 *et seq.*, brings a Rule 23(b)(2) Michigan class seeking to permanently enjoin FUDGE from causing future garnishments based on Oklahoma judgments to occur in the State of Michigan, unless Michigan's garnishment law regarding out-of-state judgments is first complied with.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1331 (Federal Question), and 15 U.S.C. §1692k(d) (FDCPA), and under 28 U.S.C. § 1337 has supplemental jurisdiction over the state law claim.

4. Venue and personal jurisdiction over FUDGE in this District is proper because:

   a. ROSS resides in the District;

   b. At all times FUDGE knew that ROSS lived in Michigan;

   c. FUDGE knew that the garnishments from ROSS's wages were earned at Detroit Diesel Corporation, located at 13400 Outer Dr. W., Detroit, Michigan, which is in the District;

   d. ROSS' wages, that have been garnished by FUDGE's conduct complained of herein, are earned in Michigan;

   e. The taxation issues related to ROSS' wages involve, in part, the State of Michigan.

f.   Wage garnishment in Michigan is a privilege to conduct garnishment in Michigan, a privilege to which FUDGE availed itself to;

g.   ROSS's claim arises out of FUDGE's ultimately garnishing ROSS' wages from a Michigan located company and those garnished wages were sent to FUDGE;

h.   The substantial part of the events, and the location where ROSS's damages occurred giving rise to the claim, occurred in the District;

i.   FUDGE deprived ROSS of his procedural due process while ROSS resided in the District; and

j.   Exercise of jurisdiction over FUDGE is reasonable.

## PARTIES

5.   ROSS is a natural person who resides within a Michigan county located within the Eastern District of Michigan and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6.   Robinson, Hoover & Fudge, PPLC is an Oklahoma Limited Liability Company Professional, its registered agent is Hugh Fudge, 726 W Sheridan Ave. Ste. 201, Oklahoma City, OK 73102.

7.   FUDGE's law practice solely involves the collection of consumer debts.

8.   FUDGE is a "debt collector" as that term is defined by 15 U.S.C.

§ 1692a(6). *See Heintz v. Jenkins,* 514 U.S. 291, 299 (1995).

## FACTS

9.     On or around February 23, 2018, Kimberly Ross as the "Buyer", and ROSS as the "Co-Buyer" executed a Retail Installment Contract, that included a predatory rate of 20.95% simple interest, in Tulsa, Oklahoma to finance the purchase of a used 2014 Toyota Scion Xb, for their personal and family use.

10.     On February 23, 2018, the auto dealership who sold the 2014 Toyota Scion Xb, for value received sold, assigned and transferred the Retail Installment Contract to Auto Advantage Finance LLC, who then on February 23, 2018, assigned the RIC to Express Credit Auto of Tulsa without recourse, which later merged with Express Credit Auto, Inc., who reported the debt and its tradeline on ROSS consumer report, which according to the Oklahoma Secretary of State, Filing Numbers 1900547422 and 1900575977 is currently under an OTC Suspension for not complying with Oklahoma's tax requirements.

11.     In 2019, ROSS, having recently divorced from Kimberly Ross and for employment purposes, decided to move back to the State of Michigan where he previously lived.

12.     On or about July 25, 2019, ROSS moved to the State of Michigan.

13.     On or about July 2019, ROSS provided a Change of Address to the United States Postal Service with his Michigan address.

14.    Shortly after moving to Michigan, ROSS obtained a Michigan Driver's License.

15.    Plaintiff's original creditor, Auto Advantage Finance, LLC sent a **"NOTICE OF SALE OF COLLATERAL AND DEFICIENCY"** dated "03/13/2020" indicating that the 2014 Scion Xb had been repossessed and was sold "at a private sale on or about 02/28/2020" (Exhibit A).

16.    Auto Advantage Finance, LLC's **"NOTICE OF SALE OF COLLATERAL AND DEFICIENCY"** dated "03/13/2020" was received by ROSS at his Michigan residence.

17.    On information and belief, the 2014 Scion Xb was repossessed in the State of Oklahoma while it was in Kimberly Ross's possession, custody, or control.

18.    The **"NOTICE OF SALE OF COLLATERAL AND DEFICIENCY"** dated "03/13/2020", stated in part:

> **If you need more information about the sale or the amount you still owe, you should call or write us at the telephone number and address listed above immediately.** We are also sending this notice to the following other people who owe money under your Contract:
> Alexander Joseph Ross
> 30819 Cooley Boulevard
> Westland, MI 48185
>
> Sincerely,
>
> Auto Advantage Finance, LLC

(Exhibit A).

19.    No later than March 13, 2020, Auto Advantage Finance, LLC

("AAF") had an address in Michigan for Plaintiff.

20.     On or about September 21, 2020, FUDGE filed a "**PETITION**" in the District Court of Tulsa County, State of Oklahoma on behalf of AAF, Case No. CS-2020-5574 against "KIMBERLY AMBUR ROSS and ALEXANDER JOSEPH ROSS", ("the CS-2020-5574 action"). (Exhibit B).

21.     The "**PETITION**" and all other documents in the CS-2020-5574 action was not served upon ROSS, but obtained by his counsel from the Oklahoma State Courts Network https://www.oscn.net/dockets/search.aspx#all .

22.     Some of the information in paragraphs 3 and 4 of the "**PETITION**" in the CS-2020-5574 action, are also set forth in the "**NOTICE OF SALE OF COLLATERAL AND DEFICIENCY**" dated "03/13/2020". (Compare Exhibit A with Exhibit B).

23.     On information and belief, FUDGE would have reviewed, had in its possession, or access to the "**NOTICE OF SALE OF COLLATERAL AND DEFICIENCY**" dated "03/13/2020". (Compare Exhibit A with Exhibit B).

24.     The amount alleged to be owed in debt set forth in the **PETITION**" in the CS-2020-5574 action arose from a transaction that was primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

25.     The "**RETURN OF NON-SERVICE**", dated "11/5/2020" filed in the

in the CS-2020-5574 action stated in part:

> Received by DJ Sixsmith to be served on **KIMBERLY AND ALEXANDER ROSS, 4074 E 470 RD, PRYOR, OK.**
>
> I, JAVON SIXSMITH, do hereby affirm that on the **5th day of November, 2020** at **1:07 pm, I:**
>
> **NON-SERVED** the **SUMMONS and PETITION** for the reason that I failed to find **KIMBERLY AND ALEXANDER ROSS** or any information to allow further search.  Read the comments below for further details.
>
> **Additional Information pertaining to this Service:**
> 11/5/2020  1:07 pm  CURRENT RESIDENT AT THE ADDRESS ABOVE STATED THAT THE DEFENDANTS MOVED OUT OF STATE (SOMEWHERE UP NORTH).

(Exhibit C).

26.     From the "**RETURN OF NON-SERVICE**", dated "11/5/2020" filed

in the in the CS-2020-5574 action, Defendant was on notice that Alexander Ross

was not living in the State of Oklahoma.

27.     FUDGE ignored the information contained in the "**NOTICE OF SALE**

**OF COLLATERAL AND DEFICIENCY**" dated "03/13/2020" that ROSS was in

Michigan, and the "**RETURN OF NON-SERVICE**", dated "11/5/2020" that the

process server was informed that, "THE DEFENDANTS MOVED OUT OF STATE

(SOMEWHERE UP NORTH)."

28.     On or about December 9, 2020, FUDGE filed in the CS-2020-5574

action a "**NOTICE BY PUBLICATION**." (Exhibit D).

29.    On or about December 9, 2020, FUDGE filed in the CS-2020-5574 action a "**ATTORNEY'S AFFIDAVIT OF DUE DILIGENCE**." (Exhibit E).

30.    The "**ATTORNEY'S AFFIDAVIT OF DUE DILIGENCE**" in the CS-2020-5574 action stated in part, "plaintiff has received verification that the defendants no longer reside at the defendants' last known address", (Exhibit E), while true, omits that FUDGE had information that ROSS no longer resided in the State of Oklahoma.

31.    At the time FUDGE submitted the "**ATTORNEY'S AFFIDAVIT OF DUE DILIGENCE**" in the CS-2020-5574 action, on information and belief, FUDGE would have been able to take steps to contact by phone the co-defendant, ROSS's ex-wife, who would have able to inform FUDGE that she and ROSS are divorced, that she hasn't lived in Oklahoma for approximately 3 years, and that ROSS lives somewhere up by Canada.

32.    FUDGE's statement in the "**ATTORNEY'S AFFIDAVIT OF DUE DILIGENCE**" in the CS-2020-5574 action stated in part, "plaintiff has received verification that the defendants no longer reside at the defendants' last known address", (Exhibit E), is false as the "**NOTICE OF SALE OF COLLATERAL AND DEFICIENCY**" dated "03/13/2020" identified the last know residence of ROSS as:

Alexander Joseph Ross
30819 Cooley Boulevard
Westland, MI 48185

(Exhibit A).

33.     The document titled, "**<u>ATTORNEY'S AFFIDAVIT OF DUE</u>**

**<u>DILIGENCE</u>**" is a form document generated from a template.  (See Exhibit E).

34.     The signature on the "**<u>ATTORNEY'S AFFIDAVIT OF DUE</u>**

**<u>DILIGENCE</u>**" in the CS-2020-5574 action is as follows:

Hugh H. Fudge, OBA# 20487

                                    (Exhibit E).

35.     On information and belief, the signature on the on the document

"**<u>ATTORNEY'S AFFIDAVIT OF DUE DILIGENCE</u>**" in the CS-2020-5574

action was not actually hand signed on the actual document itself by Hugh H. Fudge.

(See Exhibit E).

36.     On information and belief, there was no meaningful involvement by

Hugh H. Fudge that resulted in a copy of his signature being applied to the

"**<u>ATTORNEY'S AFFIDAVIT OF DUE DILIGENCE</u>**".

37.     The exact signature has appeared on "**<u>ATTORNEY'S AFFIDAVIT</u>**

**<u>OF DUE DILIGENCE</u>**" documents since at least 2020 in cases filed by FUDGE.

E.g. *Auto Advantage Finance, LLC v. Joshua Kyle Barnes,* No. CS-2020-2177,

District Court of Tulsa County, State of Oklahoma (Filed, Sept. 8, 2020) (Exhibit F)



( Hugh H. Fudge, OBA# 20487 ).

38.     In *Mare Oil Co. v. Deep Blue Royalties, L.L.C.*, 2003 OK CIV APP 21,

¶ 11, 65 P.3d 294, 297, the Oklahoma court stated, in part:

> Title 12 O.S.2001 § 2004(C)(3)(a), states that '[s]ervice of summons upon a
> named defendant may be made by publication when it is stated in the petition,
> verified by the plaintiff or the plaintiff's attorney, or in a separate affidavit by
> the plaintiff or the plaintiff's attorney filed with the court, that with due
> diligence service cannot be made upon the defendant by any other method.'
> In other words, notice by publication is clearly insufficient with respect to one
> whose name and address are known or readily ascertainable from sources at
> hand. Further, the mere gesture of attempting personal service does not rise to
> the level of due diligence. However, if 'the facts before the court tend to show
> that the plaintiff conducted a diligent search for the whereabouts of the
> defendant by exhausting sources such as official records and local directories,
> the court may agree that notice by publication is sufficient.' *Blackgold
> Exploration Co. Ltd. v. First Federal Sav. & Loan Ass'n of Elk City*, 1990 OK
> 134, ¶ 13, 803 P.2d 1138, 1142.

39.     The in the CS-2020-5574 action was "clearly insufficient with respect

to one whose name and address are known or readily ascertainable from sources at

hand", here ROSS.

40.     On or about April 19, 2022, FUDGE filed in the CS-2020-5574 action

a document titled, "**MOTION TO ENTER DEFAULT JUDGMENT WITHOUT

NOTICE**." (Exhibit G).

41.     On or about November 22, 2022, the District Court of Tulsa County,

State of Oklahoma entered a "**Journal Entry of Default Judgment**".

42.     FUDGE, in the CS-2020-5574 action, made an **"ATTORNEY'S LIEN CLAIMED"** on the amount of the judgment entered.

43.     FUDGE knowingly concealed from the District Court of Tulsa County, State of Oklahoma that FUDGE knew ROSS was living in Michigan at the time the CS-2020-5574 action was filed.

44.     On or about December 22, 2022, FUDGE filed in the CS-2020-5574 action a document titled, "**CERTIFICATE OF SERVICE**", which in part stated:

I hereby certify that a true and correct copy of the *journal entry of judgment* was mailed, postage prepaid, by regular mail this December 16, 2022 to:

ALEXANDER JOSEPH ROSS
30819 COOLEY BLVD
Westland, MI 48185

(Exhibit H).

45.     The "**NOTICE OF SALE OF COLLATERAL AND DEFICIENCY"** dated "03/13/2020" and the "**CERTIFICATE OF SERVICE**" FUDGE filed on December 22, 2022, in the CS-2020-5574 action, *approximately two years and nine months apart,* identified ROSS's address as the same address in Michigan as:

Alexander Joseph Ross
30819 Cooley Boulevard
Westland, MI 48185

(Exhibit A and Exhibit H).

46.     FUDGE knows that Oklahoma statutory law provides in part:

Service outside of the state does not give the court in personal jurisdiction over a defendant who is not subject to the jurisdiction of the courts of this state or who has not, either in person or through an agent, submitted to the jurisdiction of the courts of this state.

*Okla. Stat. Ann. tit. 12, § 2004h.*

47.     FUDGE knew that the District Court of Tulsa County, State of Oklahoma did not have personal jurisdiction over ROSS, a Michigan resident at the time the CS-2020-5574 action was filed.

48.     FUDGE sent or caused to be sent garnishment papers to Penske Logistic LLC, and on or around November 14, 2022, Penske Logistic LLC provided FUDGE a mailing address for ROSS that being 2500 Holmes, Ypsilanti, Michigan. (Exhibit I).

49.     Michigan law requires that in order to garnish a Michigan resident's wages a judgment creditor must either bring an action to enforce its judgment or follow Michigan's Uniform Enforcement of Foreign Judgments Act.

50.     FUDGE did not bring an action in Michigan to enforce AAF's judgment entered in the CS-2020-5574 action in Michigan.

51.     FUDGE did not follow Michigan's Uniform Enforcement of Foreign Judgments Act in regard to AAF's judgment entered in the CS-2020-5574 action in Michigan.

52.     FUDGE nevertheless caused ROSS's wages to be garnished from his

employer Detroit Diesel Corporation. (See Exhibit J).

53. Detroit Diesel Corporation is located at 13400 Outer Dr. W., Detroit, MI 48239.

54. Detroit Diesel Corporation is *not* located in the State of Oklahoma.

55. FUDGE purposefully sent the garnishments related to the CS-2020-5574 action not to Detroit Diesel Corporation, where ROSS is employed, but to Daimler Truck North America, whose corporate headquarters are at 4555 North Channel Ave., Portland, OR 97217.

56. A garnishee who does not complying with a writ of garnishment can result in the garnishee to have to show cause in the Oklahoma court from which the writ of garnishment was issued from.

57. The "Continuing Garnishee's Answer/Affidavit" used by FUDGE requires the garnishee to provide the judgment debtor's address, including disclosing the state in which the judgment debtor is living in.

58. As of June 7, 2024, two thousand five hundred nine dollars and twenty-three cents ($2,539.23) have been garnished from ROSS's wages at Detroit Diesel Corporation.

59. The garnishments of ROSS's wages at Detroit Diesel Corporation are continuing.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

60.     ROSS incorporates paragraphs 1-59 herein.

61.     One or more of FUDGE's employees prepare garnishment papers and send them to the garnishee knowing that the garnishee mail copies of garnishment papers to the judgment debtor, a communication to the judgment debtor giving the judgment debtor the appearance that the garnishment could be legally done in the non-Oklahoma state in which they lived. *See* https://www.oscn.net/static/forms/aoc_forms/garnishment.asp (visited July 1, 2024).

62.     It was unreasonable for FUDGE to cause ROSS's wages from his employer, Detroit Diesel Corporation, located at 13400 Outer Dr. W., Detroit, MI 48239, to be garnished, without the Oklahoma default judgment first being "domesticated" in Michigan.

63.     It was unreasonable for FUDGE to cause ROSS's wages from his employer, Detroit Diesel Corporation, to be garnished, when FUDGE knew that Ross was living in Michigan.

64.     A judgment creditor must "domesticate" the out-of-state judgment in the state the judgment debtor resides, or in which property belonging to the debtor is in, prior to legally being able to initiate a garnishment of the out-of-state judgment debtor.

65.     For example, in Michigan, a judgment creditor must either bring an action to enforce its judgment or follow Michigan's Uniform Enforcement of Foreign Judgments Act.

66.     At the time ROSS's wages were garnished, no action in the State of Michigan to enforce the judgment entered in the CS-2020-5574 action.

67.     At the time ROSS's wages were garnished, Michigan's Uniform Enforcement of Foreign Judgments Act was not complied with in regard to the judgment entered in the CS-2020-5574 action.

68.     When a judgment creditor takes steps to "domesticate" an out-of-state judgment, the judgment debtor can in that state they live in challenge the underlying judgment, for example on the basis of the lack of proper service of process on the debtor, the deprivation of due process of the debtor, or the named plaintiff / judgment debtor was not the proper party in interest.

69.     FUDGE is purposefully evading states' procedural safeguards that are in place when an out-of-state judgment creditor attempts to "domesticate" an out-of-state judgment.

70.     FUDGE evading states' procedural safeguards in turn requires ROSS and the putative class members to challenge the default judgment entered against them in the State of Oklahoma.

71.     It simply is not realistic that an already distressed consumer would

return to Oklahoma to challenge a default judgment against them, and unless they file a limited appearance, they would have then submitted to the jurisdiction of Oklahoma.

72.     More than likely, any judgment debtor challenging FUDGE in a Court in the State of Oklahoma would get "homered".  See https://www.rhfok.com/about-us (*visited* June 28, 2024) (FUDGE's statements that, "[s]ince 1995, the firm's attorneys [FUDGE] have authored most of the Oklahoma statutes adopted by the Oklahoma legislature concerning postjudgment collection procedures", "the firm litigates in all 77 counties of Oklahoma", and "has earned an outstanding reputation throughout the Oklahoma legal community and is considered an authority on consumer debt collection.")

73.     According to the Oklahoma Access to Justice Fund, in Oklahoma consumer defendants are at a disadvantage throughout the legal process, a disadvantage FUDGE exploits.

74.     FUDGE's uniform practice of not following out-of-states' uniform enforcement of foreign judgments acts and not domesticating the Oklahoma judgment in the state the debtor is residing in, is patently abusive and a deprivation of due process.

75.     ROSS has suffered actual damages from his wages being garnished.

76.     The putative class members have suffered actual damages from their

wages being garnished.

77.     Additionally, FUDGE's uniform practice of not following states' uniform enforcement of foreign judgments acts and not domesticating the Oklahoma judgment in the state the debtor is residing in, is contrary to one of Congress' purposes when it legislated the FDCPA which is "to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged", 15 U.S.C. § 1692(e), as it saves FUDGE costs from having to "domesticate" the out-of-state judgment in the state where the judgment debtor lives, thereby increasing FUDGE's profit margins.

78.     FUDGE's conduct of causing ROSS's and the putative class members' wages being garnished without first "domesticating" an Oklahoma judgment violated the FDCPA, 15 U.S.C. §§ 1692e, e(5) which prohibits "[a]ny other false, deceptive, or misleading representation or means in connection with the debt collection in violation of 15 U.S.C. § 1692(e) Without limiting the general application of the foregoing, the following conduct is a violation of this section: (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . ."

79.     FUDGE's conduct of causing ROSS's and the putative class members' wages being garnished without first "domesticating" an Oklahoma judgment violated the FDCPA, 15 U.S.C. 1692f as "[a] debt collector may not use unfair or

unconscionable means to collect or attempt to collect any debt."

## CLASS ALLEGATIONS

80. ROSS brings this class under Fed. R. Civ. P. 23(b)(3).

81. The proposed class, subject to modification, is defined as: All persons, whom has a judgment entered against them in an Oklahoma court, and were subsequently garnished on or after July 2, 2023, where the Garnishee's Answer/Affidavit lists an address for the judgment debtor that is not within the State of Oklahoma, and FUDGE did not "domesticate" the Oklahoma judgment prior to the judgment debtor being garnished.

82. On information and belief, there are more than 40 persons in the class as:

a. FUDGE litigates in all 77 counties of Oklahoma;

b. FUDGE collects tens of millions of dollars annually;

c. On information and belief, one former employee at FUDGE, Barbie Elder, herself alone would have produce 800 to 1,000 garnishments per month;

d. On information and belief, FUDGE has 11-50 employees;

e. Tens of thousands of persons leave the State of Oklahoma annually, for example in 2022 roughly 85,000 persons left the State of Oklahoma;

f. According to the Oklahoma Access to Justice Foundation, in the

thirteen counties that data is reliably available, 51 % of consumer defendants' cases end in default, with some counties being higher, such as Oklahoma County in which 65% of cases end in default.; and

g. A significant percentage of the population of Oklahoma have been involved in the a debt collection case, for example, according to the Oklahoma Watch, "[i]n Oklahoma County . . . one-third of residents have debt in collections. . . ." Lionel Ramos, Minority Oklahomans Disproportionately Sued Over Dept, Oklahoma Watch, (Oct. 3, 2023) *available at* [https://oklahomawatch.org/2023/10/02/minority-oklahomans-disproportionately-sued-over-debt/](https://oklahomawatch.org/2023/10/02/minority-oklahomans-disproportionately-sued-over-debt/) (visited July 1, 2024).

83. On information and belief, FUDGE has a practice, policy and procedure, not to "domesticate" Oklahoma judgments in situations where the judgment debtor is living in another state.

84. On information and belief, FUDGE has a practice, policy and procedure, to attempt to locate debtors.

85. On information and belief, FUDGE has a practice, policy and procedure, to attempt to locate judgment debtors's employers.

86. There are questions of law and fact common to each class that predominate over any questions affecting only individual class members, whether FDUGE does not "domesticate" Oklahoma judgments in situations where the

judgment debtor is living in another state and caused those persons' wages to be garnished, and whether that conduct violates the Fair Debt Collection Practices Act.

87.     ROSS will fairly and adequately protect the interests of the Class and Subclass he seeks the same relief, actual and statutory damages, under the FDCPA, and his claims are common and typical to the Class defined herein.

88.     ROSS has retained Curtis C. Warner, who is counsel experienced in handling class actions, including class actions brought under the FDCPA, obtaining settlements deemed by state and federal courts to be fair, reasonable and adequate. *Waldrep v. Equityexperts.org et al.,* 21-cv-12590 (E.D. Mich. May 28, 2024) (FDCPA); *Rodriguez v. Hirshberg Acceptance Corp., et al.*, 18-cv-240, 20-cv-877 (W.D. Mich. April 10, 2024) (FDCPA); *Schafer v. Allied Interstate LLC, et. al.,* 17-cv-233 (W.D. Mich. July 1, 2021) (FDCPA); *Soto et. al. v. Great America LLC,* 17 CH 1118 (19th Judicial Circuit Court, Lake County, Illinois, June 18, 2021) (FCRA – Receipt); *Sowles v. Weltman, Weinberg & Reis Co., LPA,* 19-cv-10254 (E.D. Mich. Oct. 23, 2020) (FDCPA); *Pilaraski v. Rent Recover of Better NOI LLC,* 17-cv-8659 (N.D. Ill. Sept. 25, 2019) (FDCPA); *Loveday v. Financial Asset Management Systems, Inc.,* 18-cv-10218 (E.D. Mich. May 24, 2019) (FDCPA); *Dilallo et al. v. Miller and Steeno, P.C., et al.,* 16 C 51 (N.D. Ill. Mar. 16, 2018) (FDCPA); *Patel v. AT&T Services, Inc.*, 15 C 8174 (N.D. Ill. Sept. 20, 2017) (TCPA – Autodialer); *Florence Mussat, M.D., S.C. v. E.S. Medical Supplies and Equipment*

*Inc.,* 16 C 1240 (N.D. Ill. Sept. 13, 2017) (TCPA – Junk Fax); *Tsang v. Zara USA, Inc.*, 15-cv-11160 (N.D. Ill. Nov. 2, 2016) (FCRA – Receipt); *Vasquez v. Zara USA, Inc.,* 15 C 3433 (N.D. Ill. March 8, 2016) (FCRA – Receipt); *Florence Mussat, M.D., S.C. v. Insurance Group of America Holdings, LLC.*, 13 C 7798 (N.D. Ill. May 7, 2015) (TCPA – Junk Fax); *Krishnan et al. v. Autovest LLC*, 13 C 8654 (N.D. Ill. Mar. 27, 2015) (FDCPA); *Paci v. Elmhurst Auto Werks, LTD,* 14 C 1158 (N.D. Ill. Feb. 2, 2015) (FCRA – Receipt); *Pursak v. Lumber Liquidators, Inc.,* 12 C 6984 (N.D. Ill Nov. 17, 2014) (FCRA – Receipt); *Florence Mussat M.D., S.C. v. Betterdoctor, Inc.*, 13 C 8377 (N.D. Ill. July 10, 2014) (TCPA Junk Fax); *Sanders et. al. v. W&W Wholesale, Inc.*, 11 C 3557 (N.D. Ill. Apr. 11, 2014) (FCRA – Receipt); *Bargains in a Box, Inc.*, 13 C 3964 (N.D. Ill. Mar. 27, 2014) (FCRA – Receipt); *Florence Mussat M.D., S.C. v. Global Healthcare Resource, LLC,* 11 C 7035 (N.D. Ill. Nov. 1, 2013) (TCPA Junk Fax); *Tang v. Medical Recovery Specialists Inc.*, 11 C 2109 (N.D. Ill) (FDCPA); *Tang v. Pita Inn Inc*, 11 C 3833 (N.D. Ill. May 2, 2012) (FCRA – Receipt); *Balbarin v. North Star Acquisition,* LLC, 10 C 1846 (N.D. Ill. Apr. 12, 2012) (TCPA Autodialer); *O'Hara v. Medieval Times USA, Inc.*, 3:10-cv-751 (D. N.J. Mar. 6, 2012) (FCRA – Receipt); *Todd v. HB Windows and Doors*, *Inc.*, 10 C 4986 (N.D. Ill. Aug. 18, 2011) (FCRA – Receipt); *Seppanen v. Krist Oil Co.*, 2:09-cv-195 (W.D. Mich. Aug. 9, 2011) (FCRA – Receipt); *Vallejo v. National Credit Adjusters,* LLC, 10-cv-103 (N.D. Ind. Nov. 3,

2010) (FDCPA); *Mitchem v. Northstar Location Services,* LLC, 09 C 6711, (N.D. Ill. May 13, 2010) (FDCPA); *Housenkamp v. Weltman, Weinberg & Reis, Co. of Michigan*, Case No. 1:09-cv-10613-TLL-CEB (E.D. Mich. May 11, 2010) (FDCPA); *Kern v. LVNV Funding, Inc.*, 09 C 2202, (N.D. Ill. Jan. 21, 2010) (FDCPA); *Prieto et al. v. HBLC, Inc. and Steven J. Fink & Assoc., P.C.*, 08 C 2817 (N.D. Ill. Dec. 15, 2008) (FDCPA); *Dobson v. Asset Acceptance LLC*, 07 C 6203, (assigned as related to 07 C 5967) (N.D. Ill. 2008) (FDCPA); *Horton v. IQ Telecom*, 07 C 2478 (N.D. Ill. May 5, 2008) (FDCPA).

89.    ROSS has retained John A. Evanchek, who is counsel experienced in class actions brought under the FDCPA.

90.    A class action is superior method for the fair and efficient adjudication of this controversy, indeed, it is believed that most class members do not know that their procedural due process is being violated.

91.    There are no issues of manageability of the proposed Class which is ascertainable from FUDGE's records.

## PRAYER FOR RELIEF

**WHEREFORE,** ROSS requests this Honorable court to enter a Judgment against FUDGE on Count I as follows:

A.    Actual damages in the amount of monies garnished from ROSS;

B.    Actual damages in the amount of monies garnished from the class

members;

C.     Statutory damages of $1,000 for ROSS under 15 U.S.C. § 1692k(a)(2)(A);

D.     Statutory damages of $500,000 of 1% of FUDGE's net worth, which ever amount is less, under 15 U.S.C. § 1692k(a)(3), for the class members;

E.     To certify the Class, with any modifications, or amendments required by the Court;

F.     Appoint ROSS as the representative for the Class;

G.     Appoint Mr. Warner and Mr. Evanchek as counsel for the Class;

H.     Attorney's fees under 15 U.S.C. § 1692k(a)(3), alternatively a common fund theory subject to Court approval and award, and costs of the case; and

I.     Subject to the Court's discretion, a reasonable incentive award to ROSS for serving as the class representative.

## COUNT II
## REGULATION OF COLLECTION PRACTICES ACT

92.     ROSS incorporates paragraphs 1-76 herein.

93.     FUDGE and its employee/agents, are "regulated persons" as defined by MCL 445.251(g) (x), (xi) in the, MCL 445.251, et seq., i.e. the Regulation of Collection Practices Act.

94.     ROSS is a person whom the act was intended to protect. *See* MCL 445.251(d).

95. MCL 445.252(f)(ii) prohibits, "(f) Misrepresenting in a communication with a debtor any of the following: * * * (ii) the legal rights of the . . . debtor."

96. FUDGE violated MCL 445.252(f)(ii).

97. FUDGE willfully violated MCL 445.252(f)(ii).

98. MCL 445.252(e) prohibits "[m]aking an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt. . . ."

99. FUDGE violated MCL 445.252(f)(ii).

100. FUDGE willfully violated MCL 445.252(f)(ii).

101. ROSS has been damaged in the amount of money garnished from him.

102. The putative class members have been damaged in the amount of money garnished from them.

103. MCL 445.257(1) provides that an action for equitable relief may be brought.

## CLASS ALLEGATIONS

104. ROSS brings this class under Fed. R. Civ. P. 23(b)(2).

105. The proposed class, subject to modification, is defined as: All persons, whom has a judgment entered against them in an Oklahoma court, and were subsequently garnished on or after July 2, 2018, where the Garnishee's Answer/Affidavit lists an address for the judgment debtor in the State of Michigan, and FUDGE did not "domesticate" the Oklahoma judgment prior to the judgment

debtor being garnished.

106.   ROSS incorporates paragraphs 81-91 herein.

## PRAYER FOR RELIEF

**WHEREFORE,** ROSS requests this Honorable court to enter a Judgment against FUDGE on Count II as follows:

A.   Equitable relief in the form of a permanent injunction against FUDGE enjoining it from attempting to garnish monies from persons in Michigan without first "domesticating" the Oklahoma Judgment as required under Michigan law; and

B.   Reasonable attorney's fees and court costs in connection with the action.

Respectfully Submitted,
*/s/* Curtis C. Warner
John A. Evanchek (P66157)
Curtis C. Warner (P59915) (*Of Counsel*)
Kelley & Evanchek, PC
43695 Michigan Ave
Canton, Michigan 48188
(734) 397-4540 (Main Office)
John@kelawpc.com
cwarner@warner.legal / (607) 438-3011 (Dir.)