## AFFIDAVIT FOR DEFENDANT ROBINSON, HOOVER & FUDGE, PLLC

I, <u>Hugh H. Fudge</u>, hereby attest to the following:

1. I am the principal agent of Robinson, Hoover & Fudge, PLLC ("RHF") and I am authorized to execute the affidavit on behalf of RHF.
2. RHF does not now or has ever had even minimal contacts with Michigan.
3. Below is a summary of the lawsuit filed in Tulsa County District Court, State of Oklahoma, case number CS-2020-5574 ("Case CS-2020-5574")
    a. ROSS signed contract to purchase motor vehicle on February 23, 2018 at 4215 S. Memorial Drive, Tulsa OK. (Ex. A).
    b. Pursuant to 12 O.S. § 139 and the FDCPA, § 811(a)(1)(A) venue for the RHF lawsuit is proper in Tulsa County District Court because that is where ROSS signed the contract.
    c. On September 21, 2020, RHF filed Case CS-2020-5574 against ROSS in the Tulsa County District Court.
    d. RHF's client provided *30819 Cooley Blvd, Westland, MI* ("*Cooley Blvd*") as last known address for ROSS.
    e. RHF attempted to contact ROSS at *Cooley Blvd*, but the USPS retuned RHF's correspondence as "NOT DELIVERABLE AS ADDRESSED – UNABLE TO FORWARD". (Ex. B).
    f. RHF was unable to locate any other address upon which to serve its summons.
    g. Pursuant to 12 O.S. § 2004(C)(3)(c), service by publication occurs "in the county where the petition is filed". Under Oklahoma law, the fact that a defendant lives out-of-state is immaterial to Oklahoma's due diligent requirements for service by publication.
    h. On November 22, 2022, the Court reviewed RHF's attempts to serve ROSS, determined that "with due diligence service cannot be made upon the defendant by any other method", and granted judgment for plaintiff.
    i. Pursuant to 12 O.S. § 2004(C)(3)(f), a party served by publication has a 3-year limit on seeking to vacate the judgment. Although ROSS has until

1

November 21, 2025 to vacate the judgment in Case CS-2020-5574, as of the date of this affidavit, ROSS has taken no action to do so. (Ex. G).

j. Pursuant to 12 O.S. § 2004(C)(3)(f), if ROSS elects to attempt to vacate the judgment, all ROSS must do is:

  i. Notify the adverse party of the intention to make an application, and
  ii. File a full answer to the petition, and
  iii. Pay all costs if the court requires them to be paid, and
  iv. Satisfy the court by affidavit or other evidence that during the pendency of the action the applicant had no actual notice thereof in time to appear in court and make a defense.

k. The Work Number ("TWN") is a company that provides employment verification on behalf of other corporations. Daimler Truck North America LLC ("DAIMLER") hired TWN to provide employment verification on behalf of DAIMLER.

l. On 1/17/2024, requested employment verification for ROSS from TWN and TWN verified that ROSS was employed by DAIMLER. As of July 3, 2024, TWN is still verifying that ROSS is employed by DAIMLER. (Ex. C).

m. DAIMLER is registered with the Oklahoma Secretary of State. (Ex. D).

n. Although ROSS lives and works outside of Oklahoma, pursuant the Supreme Court of the United States in *Harris v. Balk*, 198 U.S. 215 (U.S. 1905) and the 10th Circuit Court of Appeals case *Morris W. Haft & Bros., Inc. v. Wells*, 93 F.2d 991, 994 (10th Cir. 1937) a judgment creditor can garnish an out of state judgment debtor if the garnishee is in the judgment creditor's state.

o. On January 30, 2024, RHF filed a garnishment of ROSS' wages naming DAIMLER as the garnishee. (Ex. E). This garnishment was served to DAIMLER through its registered service agent: CT Corporation System, 1833 South Morgan Road, Oklahoma City, OK 73128. (Ex. E).

p. If DAIMLER is not the employer of ROSS, DAIMLER was required to file an answer stating that ROSS is not employed by DAIMLER.

2

q. Although RHF did not garnish the Detroit Diesel Corporation (DDC), on or about March 7, 2024, RHF began receiving answers and garnishment payments from DDC. (Ex. F). Neither DAIMLER nor DDC have objected to being subject to jurisdiction in Oklahoma. The only logical conclusion is that DAIMLER is the employer of ROSS and DDC is a part of DAIMLER.

r. Pursuant to answers filed by DDC, DDC served copies of the DAIMLER garnishment to ROSS at ROSS' residence, 16677 Inkster Rd, Taylor, MI ("*Inkster Rd*"), on February 22, 2024. (Ex. F).

s. ROSS contacted RHF on February 28, 2024, and verified that his true residential address is 3026 Monrose Ave, Ypsilanti, MI, and not *Cooley Blvd* or *Inkster Rd*. February 28, 2024, was the first time RHF had a verified residential address for ROSS. In ROSS's complaint, ROSS claims that his residential address was either known or readily ascertainable by RHF, however ROSS' employer did not even know ROSS' true residential address.

t. ROSS' complaint makes several false statements which I will correct:
  i. RHF did not know ROSS was employed by DDC (¶ 4(c))
  ii. RHF has never "availed itself" to issue any garnishment in Michigan (¶ 4(f))
  iii. RHF has never deprived ROSS of due process (¶ 4(i))
  iv. Michigan jurisdiction of RHF is not reasonable (¶ 4(j))
  v. RHF's statement that ROSS no longer resided at his last know address is not false (¶ 32) because mail sent to ROSS at *Cooley Blvd* was returned to RHF's as "NOT DELIVERABLE AS ADDRESSED – UNABLE TO FORWARD".
  vi. ROSS' address was neither known nor readily ascertainable to RHF (¶ 39)
  vii. RHF did not conceal from the Court that ROSS was living in Michigan. RHF knew that in March 2020 ROSS' last known address was in Michigan, but in November 2020 RHF received confirmation from USPS that ROSS' last known address was *not deliverable as*

*addressed*. When RHF filed its Affidavit of Due Diligence in December 2020 all RHF knew was that ROSS *had* resided in both Oklahoma and Michigan, but that ROSS no longer resided at any of the Oklahoma and Michigan addresses known to RHF. RHF could not have conceal from the Court that ROSS was living in Michigan, because RHF neither knew nor could RHF readily ascertainable the location of ROSS's residence in December 2020. (¶ 38-44).

viii. 12 § 2004 does state: "Service outside of the state does not give the court in personal jurisdiction over a defendant **who is not subject to the jurisdiction of the courts of this state** or who has not, either in person or through an agent, submitted to the jurisdiction of the courts of this state. (Emphasis Added). However, as stated above ROSS is "subject to the jurisdiction of the courts of this state" by virtue of executing a contract in Oklahoma (¶ 46-47).

ix. Michigan garnishment laws are only applicable to garnishments filed in Michigan. As stated before, RHF filed suit in Oklahoma, obtained an Oklahoma judgment, issued an Oklahoma garnishment to a garnishee located in Oklahoma. (¶ 48-55).

x. ROSS claims that it is unreasonable for RHF to garnish ROSS' wages without domesticating its judgment in Michigan, but this is contrary to SCOTUS case *Harris v. Balk*, 198 U.S. 215 (U.S. 1905). (¶ 62-63)

xi. ROSS claims that a RHF "must" domesticate its judgment in Michigan, however RHF can find neither statutes nor case law which support this assertion. (¶ 64-68)

u. In summary, RHF obtained an Oklahoma judgment against ROSS based on a contract ROSS executed in Oklahoma. RHF issued and served an Oklahoma garnishment summons to DAIMLER, a foreign corporation doing business in Oklahoma. RHF does not now or has ever had any contacts with Michigan. Although RHF did not know where ROSS resided when it issued the garnishment, the issue of whether RHF has the right to issue its

garnishment summons to DAIMLER as a foreign corporation authorized to do business in Oklahoma to collect a debt owed by ROSS, a non-resident on Oklahoma, has been well settled.

Further, your affiant sayeth not.

Hugh H. Fudge (OBA# 19788)
Robinson, Hoover & Fudge, PLLC
P.O.Box 1748
Oklahoma City, OK 73101
(405) 232-6464 | (405) 232-6363 fax
fudge@rhfok.com


Signed and sworn to before me on the 8th day of August, 2024

Notary Public

My Commission Expires:
**October 31, 2026**

# 14009930
EXP. 10/31/26