UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEXANDER ROSS,

    Plaintiff,

v.

ROBINSON, HOOVER & FUDGE, PLLC,

    Defendant.
_____/

Case No. 24-11717
Hon. Denise Page Hood

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION [ECF NO. 7]

### I. INTRODUCTION

Before the Court is Defendant Robinson, Hoover & Fudge, PLLC's ("RHF") motion to dismiss for lack of personal jurisdiction. [ECF No. 7]. The motion is fully briefed and a hearing was held. For the reasons stated herein, RHF's motion is GRANTED.

### II. BACKGROUND

Plaintiff Alexander Ross has lodged a Rule 23(b)(3) putative class action against RHF for violations of the Fair Debt Collection Practices Act (FDCPA"), 15 U.S.C. § 1692, *et seq*. [ECF No. 1, PageID.1]. Ross alleges that RHF is unfairly depriving Ross and the putative class members of procedural due process by

garnishing wages under foreign judgments entered by Oklahoma courts against debtors who do not reside in the State of Oklahoma without first having the judgments domesticated. *Id*. Ross seeks to permanently enjoin RHF from causing future garnishments based on Oklahoma judgments to occur in the State of Michigan unless Michigan's garnishment law regarding out-of-state judgments is first complied with. *Id*. at PageID.2.

In February of 2018, Kimberly Ross, Ross's wife, purchased a vehicle and listed Ross as the co-buyer. *Id*. at PageID.4. In 2019, the couple divorced, and Ross moved to Michigan. In or around February of 2020, the vehicle purchased by Mr. and Mrs. Ross was repossessed at Kimberly Ross's address in Oklahoma and sold at private sale. *Id*. at PageID.5. On September 21, 2020, RHF filed a petition in the District Court of Tulsa County, State of Oklahoma to collect the deficient balance of the vehicle.[1] Default judgment was entered in favor of RHF and RHF sent garnishment documents to Ross.

Ross alleges that RHF failed to satisfy the requirements set forth in Michigan's Uniform Enforcement of Foreign Judgments Act. Specifically, Ross argues that RHF was required to bring an action in Michigan to enforce the foreign judgment against

---

[1] Ross makes several allegations which seemingly challenge the sufficiency of notice provided in the Oklahoma action and the jurisdiction of the Oklahoma court. It should be noted that any challenge to that action is not appropriate in this venue.

2

Ross before garnishing his wages. To date, RHF has garnished $2,539.23 of Ross's wages at Detroit Diesel Corporation.

RHF moves this Court to dismiss Ross's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. [ECF No. 7].

### III.  LAW AND ANALYSIS

FRCP 12(b)(2) allows a party to assert lack of personal jurisdiction as a defense to the claims against him. Fed. R. Civ. P. 12(b)(2). "The plaintiff bears the burden of establishing that jurisdiction exists." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). "[I]n the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Id*. "Presented with a properly supported 12(b)(2) motion and opposition, the court has three procedural alternatives: it may decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions." *Id*.

Michigan's long-arm statute states:

> The existence of any of the following relationships between a corporation and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise general personal jurisdiction over the corporation and to enable such courts to render personal judgments against the corporation.
>
> (1) Incorporation under the laws of this state.

3

> (2) Consent, to the extent authorized by the consent and subject to the limitations provided in section 745.
>
> (3) The carrying on of a continuous and systematic part of its general business within the state.

M.C.L. 600.711. None of these factors are present, here. Michigan courts may exercise specific jurisdiction over corporations which: (1) transact business within the state, (2) cause any act to be done, or consequences to occur, in the state resulting in an action for tort, (3) own, use, or possess any real or tangible personal property situated in the state, (4) contract to insure any person, property, or risk located within the state at the time of contracting, or (5) enters into a contract for services to be performed or for materials to be furnished in the state by the defendant. M.C.L. 600.715. Ross rests his claims on subsection (2): that RHF caused an act or consequence to occur in the state by wrongfully garnishing his wages.

Ross argues that RHF's act of garnishing his wages without first complying with the Uniform Enforcement of Foreign Judgments Act's (M.C.L. 691.1171, *et seq*.) requirement that the Oklahoma judgment be domesticated in Michigan can be considered an act of conversion. [ECF No. 10, PageID.181]. Further, the injury of RHF's conversion is being felt by Ross in Michigan. Ross also argues that the Sixth Circuit has established that claims of a violation of the FDCPA sound in tort. *Id*. at PageID.182. Therefore, specific jurisdiction is established by the fact that RHF

4

caused a consequence (garnishment) to occur in Michigan resulting in an action for tort (violation of the FDCPA/conversion).

Ross's affidavit asserts that he moved to Michigan in 2019 and provided a change of address to the United States Postal Service with a Michigan address. [ECF No. 10-2, PageID.199]. He further asserts that he obtained a Michigan Driver's license and that the location of his place of employment was in the city of Detroit. *Id*. at PageID.199-200.

RHF argues that none of Michigan's specific jurisdiction factors apply here. [ECF No. 7, PageID.75]. As to factor two, RHF argues that "the acts complained of, here – the judgment and garnishment – were entered by an Oklahoma court, and the garnishee employers were both Delaware companies with business locations all of [sic] the country." *Id*. But even if RHF did consent to jurisdiction in Michigan, RHF argues that due process "restricts permissible long-arm jurisdiction by defining the quality of contacts necessary to justify personal jurisdiction under the constitution." *Id*. at PageID.76.

RHF has provided an affidavit that asserts that its client provided it with a Michigan address for Ross in 2020, however, that address turned out to be incorrect. Therefore, while RHF may have known that Ross's last known address was in Michigan, that fact was not confirmed and could be disputed by the fact that the

Oklahoma complaint was returned as undeliverable to that address and no forwarding address was provided. See [ECF No. 7-2, PageID.86].

While RHF may not have knowingly caused the alleged injury to occur in Michigan, M.C.L. 600.715 does not say the consequence caused must be intentional. It merely states that the action of RHF must cause a consequence in the state resulting in an action of tort. Ross's allegation that RHF violated Michigan's Uniform Enforcement of Foreign Judgment's Act and wrongfully garnished his wages without due process may be enough to find that specific jurisdiction is proper.

"The Due Process Clause of the Fourteenth Amendment constrains a State's authority to bind a nonresident defendant to a judgment of its courts." *Walden v. Fiore, 571 U.S. 277*, 283, 134 S. Ct. 1115, 1121, 188 L. Ed. 2d 12 (2014). "For a nonresident defendant to be subject to personal jurisdiction, he must have certain minimum contacts with the forum State such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *AlixPartners, LLP v. Brewington*, 836 F.3d 543, 549 (6th Cir. 2016) (internal quotations and alterations omitted). Whether or not a defendant has availed himself of the jurisdiction of a foreign state is a two-fold inquiry. "First, the relationship must arise out of contacts that the 'defendant himself' creates with the forum State." *Walden*, 571 U.S. at 284, citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). "Second, our 'minimum contacts' analysis looks to the

6

defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id*. at 285. The "consequence" caused by the defendant "must arise within Michigan as a result of the defendant's extra-territorial action." *Theunissen*, 935 F.2d at 1460. "[W]here the injury occurs outside the state, the cause of action—the consequence—does also." *Id*.

Ross claims that by RHF garnishing his wages it "purposely availed itself to engage in [Michigan's] statutory privileged activity of garnishment that caused a consequence in the State of Michigan." [ECF No. 10, PageID.173]. RHF argues that Ross's employer, Detroit Diesel Corporation, is a Delaware company, the checks received by RHF came from ADP Garnishment Services (which had a Texas address), and the checks were drawn from a JPMorgan Chase account in Columbus, OH. [ECF No. 12, PageID.212]. Therefore, the funds to be garnished did not even make it to Michigan before they were distributed to RHF. *Id*.

Here, the only connection that RHF seems to have to Michigan is the fact that Ross's injury occurred in Michigan. In *Walden*, the Supreme Court found that "mere injury to a forum resident is not a sufficient connection to the forum" to establish purposeful availment. 571 U.S. at 289. Indeed, "[t]he proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Id*. at 290.

7

Ross has not shown that RHF has any connection to Michigan beyond the injury he claims it caused to his wages. In line with the *Walden* Court's ruling, it is appropriate for this Court to find that Plaintiff has not carried his burden of establishing personal jurisdiction over RHF.[2] Therefore, RHF's motion to dismiss for lack of personal jurisdiction is granted.

## IV. CONCLUSION/ORDER

In light of the foregoing,

IT IS SO ORDERED that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction [ECF No. 7] is GRANTED;

IT IS FURTHER ORDERED that Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE;

IT IS FURTHER ORDERED that this Order dismisses all pending claims before the Court.

SO ORDERED.

Dated: August 5, 2025

s/Denise Page Hood
Denise Page Hood
United States District Judge

---

[2] The Court notes that it does appear that RHF utilized a roundabout method of executing its judgment against Plaintiff. However, it appears that Plaintiff's remedy may be to challenge the garnishment of his wages in Oklahoma.

8